IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID HEWITT II; AARON JOHNSON; JAMES LANE;
RALPH LAROSA, JR.; and JERRY OSBORNE, All
Individually and on Behalf of All Others Similarly Situated                    PLAINTIFFS

v.                                    Case No. 2:13-CV-02117

GERBER PRODUCTS COMPANY d/b/a NESTLE
INFANT NUTRITION d/b/a NESTLE NUTRITION USA
d/b/a NESTLE NUTRITION USA – INFANT NUTRITION
d/b/a NESTLE NUTRITION USA – PERFORMANCE
NUTRITION; and PATRICK MURRAY                                                  DEFENDANTS

**OPINION AND ORDER**

Before the Court are Plaintiffs' motion (Doc. 5) to remand and brief in support and Defendants' response (Doc. 10) and brief in support. Plaintiffs also filed a reply (Docs. 13 and 17),[1] which the Court has considered in its discretion. Also before the Court are Plaintiffs' amended motion (Doc. 7) to remand, which appears to have been filed unnecessarily and will therefore be DENIED AS MOOT. Also before the Court are Plaintiffs' motion (Doc. 11) to disqualify counsel and brief in support and Defendants' response (Doc. 16). For the reasons described herein, Plaintiffs' motion (Doc. 5) to remand is **GRANTED**, and this case is remanded to the Circuit Court of Sebastian County, Arkansas. Plaintiffs' motion (Doc. 11) to disqualify counsel is DENIED AS MOOT.

**I. Background**

Named Plaintiffs are hourly employees who are or were employed by Gerber at its Fort Smith, Arkansas, baby food manufacturing and processing facility. On June 6, 2012, Plaintiffs filed

---

[1] These documents appear to be the same.

this putative collective action against Gerber in Sebastian County Circuit Court. On July 6, 2012, Gerber filed a notice of removal in this Court. (Case number 2:12-cv-02152 ("Gerber 1"), Doc. 1). Plaintiffs moved to remand on July 23, 2012. (Gerber 1, Doc. 6). In its order granting Plaintiffs' motion to remand on November 6, 2012, the Court ultimately found as follows:

> The Court finds that Plaintiffs' state law AMWA claim and state common law claim are not completely preempted by § 301 of the LMRA, and therefore there is no basis for removal based on federal question jurisdiction under 28 U.S.C. § 1331. The Court also finds that Gerber has not shown, by a preponderance of the evidence, that any plaintiff has an individual claim exceeding $75,000, as required for the Court to exercise diversity jurisdiction on the basis of 28 U.S.C. § 1332(a). Nor has Gerber shown, by a preponderance of the evidence, that the putative class size is at least 100 members or that the aggregate damages claimed on behalf of the class exceed CAFA's jurisdictional minimum of $5,000,000.

(Gerber 1, Doc. 23, p. 15).

Defendants now attempt to remove this case again on the basis that, following remand, Defendants received information from Plaintiffs on March 27, 2013, that there are over 500 putative class members with a total potential recovery exceeding $5,000,000. Defendants aver that this second removal is proper, pursuant to 28 U.S.C. § 1446(b), as it is made within thirty days after the receipt of information by Defendants of a copy of a paper from which it was first ascertainable that the case was removable. In essence, this second notice of removal appears to be an attempt to address the deficiencies noted by this Court in previously remanding the case.

**II. Legal Standard**

A defendant in state court may remove the case to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Once a case is removed to federal court, a plaintiff may move to remand to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Removal cases are construed more narrowly

than originally filed cases to protect the plaintiff's choice of forum and to protect the state courts from usurpation by federal courts. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992). The Court must strictly construe the federal removal statute and resolve any ambiguities about federal jurisdiction in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

**III. Discussion**

The Court finds that removal of this matter is improper for at least two reasons. First, the removal is untimely. Second, this attempt at removal is an improper attempt to remove on the same grounds previously asserted by Defendants in their first removal. Since the Court finds that removal is improper for both of these reasons, the Court will not address the argument that removal is also improper due to application of the local-controversy exception.

**A. Untimeliness**

Once the Court entered its order on November 6, 2012, remanding the first-removed case to state court, the Court was divested of jurisdiction over the matter, and the case was closed. The Court had no jurisdiction to consider any subsequent pleadings in that case. *See e.g.*, *Seedman v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case . . . a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction."). Therefore, when Defendants attempted to beat the 30-day clock by electronically filing the instant notice of removal in the closed case, they were informed by the Clerk's office that the filing was improper, and that any notice of removal would have to be filed as a new case. This

was proper direction. In fact, the deputy clerk conducting the routine administrative review of the case filing sought guidance from the Court as to how the notice of removal should be handled. The Court advised that any new notice of removal purportedly premised on new and different grounds must be filed as a new case—not in a closed case over which the Court did not have jurisdiction.

It is completely improper for defense counsel to suggest that it might wrangle concessions from a court clerk that could bind the Court into contravening the law. The court clerk did not enter into any binding agreement with defense counsel by simply informing him—properly, and as advised by the Court—that the notice of removal must be filed in a new case. Furthermore, counsel cannot somehow lock in a filing date in an effort to make a timely filing, by using improper filing procedures. Defense counsel's options were simple: properly file the notice of removal in a new case or let the time for removal lapse. There was never an option on the table that counsel could file its notice of removal in the closed case. Even had such filing been allowed, the Court would have disregarded the improper filing or summarily remanded the case based as the Court had already determined it lacked jurisdiction in that case; the case was closed in this Court and sent back to the state court, in which proceedings were resumed; and the Court had no authority to reconsider its previous remand order. 18 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . ."). New grounds for removal (as Defendants are necessarily asserting exist in the instant action) must be filed in a new case over which the Court could potentially determine that jurisdiction might be exercised.

Unfortunately for defense counsel, they waited until the last possible moment to attempt this ill-advised removal. Therefore, when defense counsel were informed that a new case would have

to be filed, they were unable to properly do so[2] in a timely fashion. Realizing this conundrum, defense counsel essentially acted as though he was making a concession[3] to the Court in opening a new case and, in return, asked the court clerk to mark the notice of removal as having been filed on the attempted filing date—April 26, 2013. While the clerk did enter a filing date of April 26, 2013 based on defense counsel's attempted filing in the closed case, the clerk noted that the actual date of entry of the new case was one week later[4]—May 3, 2013. Defense counsel was informed during a brief phone call with chambers staff about filing protocol that, although the clerk could administratively mark the filing date based on the improper electronic filing, that Plaintiffs would remain able to challenge the actual timeliness of any filing. The marking of a filing date is merely an administrative task done by the clerk's office and is in no way binding on the Court when making findings of timeliness.

Finally, the Court admonishes defense counsel for calling the deputy clerk and attempting to get her to swear out an affidavit attesting to the content of the conversation between the clerk and

---

[2] Pursuant to local rule, "[d]ocuments may be filed, signed and verified by electronic means to the extent and in the manner authorized by the CM/ECF Administrative Manual approved by the court." Local Rule 5.1. The CM/ECF Manual, page 16, provides that "[a]ll case initiating documents (i.e., . . . notice of removal with civil cover sheet) . . . will be filed conventionally." (Available at: http://www.arwd.uscourts.gov/uploads/docs/cmecf/ARWD-ECF-UserManual2.pdf). Conventional filing requires filing the document in paper form with the Clerk's Office in person or by U.S. Mail and presenting the Clerk's Office with the notice of removal with original signature and payment of the filing fee.

[3] As the Court has previously noted, this was no concession to the Court. Neither the Court nor the court clerk had any vested interest in whether this removal was filed. Had Defendants not filed their notice of removal in a new case, the Court would have, in any event, marked the notice filed in the closed case as improper and not considered it and/or summarily remanded the case based on lack of jurisdiction.

[4] The Court finds it notable, as well, that defense counsel did not properly file the notice of removal the next business day. Rather, it was not properly filed until a week later.

counsel in yet another inappropriate attempt to negotiate directly with court staff about pending litigation. Presumably, counsel wanted verification that he had succeeded in negotiating what would have been an unethical,[5] back-door deal with court staff to work an advantage in this litigation. The deputy clerk was simply doing her job, and following the Court's guidance in taking the actions she took in this case and in communicating with counsel the Court's requirements and expectations. It is entirely inappropriate for counsel to call and harass a member of the court staff in an attempt to dig himself out of the hole he dug himself into.

The Court finds that the instant notice of removal was not properly filed until May 3, 2013. The 30-day time period for filing based on Defendants' receipt of information from Plaintiffs on March 27, 2013 ran on April 26, 2013. The Court finds that this case should be remanded as the notice of removal was not timely filed.

### B. No New Grounds for Removal

In this attempt at removal, Defendants assert that this Court may exercise jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), as the parties have minimal diversity, the number of members in the proposed class exceeds 100, and the amount in controversy is more than $5,000,000. This is one of the same grounds for jurisdiction previously argued by

---

[5] Defense counsel has come perilously close to violating (1) Arkansas Rule of Professional Conduct 3.3(a) by filing an affidavit that appears to mischaracterize the nature of the conversation with the deputy clerk; (2) Arkansas Rule of Professional Conduct 3.5 by attempting to improperly circumvent the impartiality of the Court in trying to make a deal with clerk staff that would necessarily require the Court to show partiality as to the matter of the timeliness of counsel's filing; (3) Arkansas Rule of Professional Conduct 8.2 by calling into question the integrity of this Court by implicating that court staff was involved in a scheme or deal orchestrated by defense counsel; and (4) Arkansas Rule of Professional Conduct 8.4(e) by implying an ability to improperly influence this Court. The Court also questions defense counsel's compliance with Federal Rule of Civil Procedure 11.

Defendants in their first attempt at removal. The Court remanded the first case, finding that Gerber had not shown "by a preponderance of the evidence, that the putative class size is at least 100 members or that the aggregate damages claimed on behalf of the class exceed CAFA's jurisdictional minimum of $5,000,000." (Gerber 1, Doc. 23, p. 15).

Defendants now seek to remove again having now armed themselves with the information they should have been prepared with in their first attempt at removal. The Court's previous remand order was not, however, an invitation to go back to state court only to do due diligence that should have been done previously and then try to come back. If that were what the Court required or the law allowed, it would seem entirely inefficient to remand the case in the first place. The burden placed upon removing defendants to prove jurisdictional requirements would be meaningless if a defendant were able to remove a case, test the strength of its jurisdictional allegations via motion practice, obtain what would essentially be an advisory ruling of the Court and then—having used the time and resources of both the opposing party and the Court and learned from the process—cure any deficiencies and remove the case again on the same grounds. Defendants had their chance to properly remove this case on the basis of CAFA jurisdiction. They failed to meet their burden to prove satisfaction of CAFA's requirements when they had that chance, and the Court granted Plaintiffs' motion to remand. The Court may not and will not now reconsider its prior remand order because of the additional evidence Defendants now wish to present. Such evidence does not establish a new factual basis or grounds for federal jurisdiction; rather, it only arguably adds evidentiary support to Defendants' previously submitted and adjudicated argument on CAFA jurisdiction.

Defendants assert that they "are removing this case 'within thirty days after the receipt by the

defendant[s] . . . of a copy of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable." (Doc. 1, ¶ 13 (quoting 28 U.S.C. § 1446(b)). Within the same document, however, Defendants acknowledge that they had previously tried to remove the case, and the Court granted Plaintiff's motion to remand. Defendants further acknowledge that "[w]ith respect to diversity jurisdiction under the Class Action Fairness Act . . . the grounds for the Court's decision remanding the case were that Defendants failed to show that there were 100 plaintiffs in the proposed class and that the amount in controversy exceeded $5 million, as required for removal under CAFA." *Id*. at ¶ 8. Defendants simply assert that, three-and-a-half months after the case was remanded, Defendants served Plaintiffs with a series of requests for admission, and Plaintiff's responses to those requests indicated that the class size exceeded 100 members and that the amount in controversy was greater than $5,000,000. Defendants also go into greater detail in calculating the amount of loss.

It is clear to the Court that the Defendants did not first ascertain that this case was removable based on Plaintiffs' responses to Defendants' requests for admission. Defendants clearly ascertained the removability of the case when they filed their first notice of removal, alleging CAFA jurisdiction. The Court also notes that Defendants should have had sufficient information to calculate class size and amount in controversy at the time they filed their first notice of removal, as the information to make such calculations would be more likely to be in the possession of the defendant employer than in the hands of the plaintiff employees.

Plaintiffs' responses to Defendants' requests for admission cannot be construed as information from which Defendants could suddenly ascertain removability. In regard to class size, Plaintiffs simply responded "[a]dmitted" to the following request: "Admit that there are at least 500

putative class members." (Doc. 1-8, p. 7). And, in response to Defendants' request that Plaintiffs "[a]dmit that the total amount Plaintiffs seek to recover in this litigation . . . exceeds $10 million," Plaintiffs, without waiving their objection to the propriety of the request, stated in relevant part as follows:

> The information needed to calculate damages—e.g., *the size of the putative class*, the hourly rate of each employee, and the number of house spent by each employee doffing, donning, washing, and walking—is in the possession of [Defendant] Gerber. Based on Gerber's attempts to remove the case under the Class Action Fairness Act at the time the complaint was filed, Plaintiffs believe the total potential recovery for the putative class exceeds $5,000,000.

*Id*. at p. 8 (emphasis added). Defendants therefore assert that removability was first ascertainable when Plaintiffs admitted that the information relevant to removability was in the possession of Defendants and, based on Defendants' prior attempt at removal, it appeared the amount in controversy was sufficient to assert CAFA jurisdiction. This flawed logic does not even require further discussion. Plaintiffs' generic responses should not have been surprising to Defendants and cannot be used now as a way to get a second chance for Defendants to meet their burden to show that removal is appropriate.

**IV. Conclusion**

Accordingly, IT IS ORDERED that Plaintiffs' motion (Doc. 5) to remand is GRANTED. This case shall be remanded to the Circuit Court of Sebastian County, Arkansas.

IT IS FURTHER ORDERED that Defendants pay to Plaintiffs costs and actual expenses, including attorneys fees, incurred as a result of the instant removal, as the removal was not objectively reasonable under the facts and circumstances. If the parties are unable to come to an agreement regarding costs, expenses, and fees owed, Plaintiffs should file an appropriate motion for costs and fees by Friday, November 8, 2013; Defendants will have until November 15, 2013 to

respond.

  IT IS FURTHER ORDERED that Plaintiffs' amended motion (Doc. 7) to remand and motion (Doc. 11) to disqualify counsel are DENIED AS MOOT.

  IT IS SO ORDERED this 28th day of October, 2012.

/s/ P. K. Holmes, III<br>
P.K. HOLMES, III<br>
CHIEF U.S. DISTRICT JUDGE